**UNITED STATES of America, Plaintiff,**

v.

**Richard J. COWAN, Katherine McClelland Cowan, Mitch C. Wallis, Trustee of Freebird Ventures, an unincorporated trust organization, Department of Taxation, State of Hawaii, Defendants.**

**Mortgage Electronic Registration Systems, Inc., Countrywide Home Loans, Inc., Cross Claimant,**

v.

**Department of Taxation, State of Hawaii, United States of America, Richard J. Cowan, Katherine McClelland Cowan, Mitch C. Wallis, Trustee of Freebird Ventures, an unincorporated trust organization, Cross Defendants.**

**Civ. No. 06–00330 HG BMK.**

United States District Court, D. Hawai'i.

Jan. 4, 2008.

Edric Ming–Kai Ching, Office of the United States Attorney, Honolulu, HI, Jeremy N. Hendon, U.S. Department of Justice–Tax Division, Washington, DC, for Plaintiff.

Richard J. Cowan, Kilauea, HI, pro se.

Katherine McClelland Cowan, Kilauea, HI, pro se.

Mary H.Y. Bahng, Office of the Attorney General, Honolulu, HI, for Defendants.

## ORDER GRANTING PLAINTIFFS MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS COWANS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS COWANS' MOTION FOR STAY OF JUDGMENT

HELEN GILLMOR, Chief Judge.

The United States moves for summary judgment, requesting an order reducing to judgment the federal income tax assessments, including penalties and interest, and the frivolous return filing penalty assessments against both Richard Cowan and Katherine Cowan.

Additionally, the United States requests an order establishing that Freebird Ventures holds title to real property as the nominee of Richard and Katherine Cowan, and the foreclosure and the judicial sale of the real property.

Defendants Cowans move for summary judgment, requesting a finding that the Cowans do not owe taxes or penalties to the United States for the tax years in question.

Defendants Cowans, in light of the Court's Order of Foreclosure And Judicial Sale, (Doc. 99), also move for a stay of judgment.

The Court has reviewed and considered the pleadings and arguments advanced by the parties. The United States is entitled to summary judgment.

For the reasons set forth below, Plaintiff's motion for summary judgment is **GRANTED,** and Defendants Cowans' motion for summary judgment is **DENIED.** Defendant Cowans' motion for stay of judgment is **DENIED.**

## PROCEDURAL HISTORY

On June 19, 2006, Plaintiff United States of America filed a Complaint To Reduce Federal Tax Assessments To Judgment And To Foreclose Federal Tax Liens On Real Property. (Doc. 1.)

On July 19, 2006, Defendants Richard J. Cowan and Katherine McClelland Cowan filed an Answer to the Complaint. (Doc. 6.)

On August 25, 2006, Defendant Director Of Taxation, State Of Hawaii filed an Answer to the Complaint and an Affirmative Statement Of Claim. (Doc. 9.)

On October 3, 2006, Defendants Mortgage Electronic Registration Systems, Inc. and Countrywide Home Loans, Inc. filed an Answer to the Complaint and an Affirmative Statement of Claim. (Doc. 13.)

On February 27, 2007, the Court signed the Stipulation and the Order Dismissing the United States' claims against Defendants Mortgage Electronic Systems, Inc. And Countrywide Home Loans, Incorporated. (Doc. 38 and 39.)

On May 18, 2007, The Court issued an Order Compelling Discovery requiring the Cowans to respond to Plaintiff's written discovery by June 12, 2007. (Doc. 46.)

On July 2, 2007, Plaintiff United States filed a Motion For Leave To File Concise Statement Of Facts In Excess Of Five Pages. (Doc. 56.)

On July 2, 2007, Plaintiff United States filed a Motion For Summary Judgment;

United States' Memorandum in Support Of Its Motion For Summary Judgment; United States' Concise Statement Of Material Facts In Support Of Its Motion For Summary Judgment' Declaration Of Jeremy N. Hendon; Exhibits 1–41; Declaration Of Jeff Heller; and Exhibits 1–10. (Doc. 57.)

On July 3, 2007, the Government filed a Motion For Default Judgment as to Defendant Mitch C. Wallis, Trustee of Freebird Ventures. (Doc. 59.)

On July 5, 2007, the Court granted the Government's Motion For Leave To File Concise Statement Of Material Facts In Excess Of Five Pages. (Doc. 63.)

On July 17, 2007, the Revised Stipulation As To Priority Of Claims As Between Defendant State Of Hawaii, Department Of Taxation, And Defendants Mortgage Electronic Registration Systems, Inc. And Countrywide Home Loans, Incorporated was approved and ordered by the Court. (Doc. 71.)

On August 9, 2007, Defendant State of Hawaii, Department of Taxation filed a Statement Regarding Plaintiff United States' Motion For Summary Judgment filed on July 2, 2007. (Doc. 78.)

On August 29, 2007, Defendants Mortgage Electronic Registration Systems, Inc. and Countrywide Home Loans, Inc. filed a Statement of Position Re: Plaintiff United States' Motion For Summary Judgment filed on July 2, 2007. (Doc. 81.)

On September 4, 2007, the Court issued an order Adopting the Magistrate's Findings and Recommendations granting Plaintiff's motion for default judgment against Defendant Mitch C. Wallis, Trustee of Freebird Ventures (Doc. 80). (Doc. 82.)

On September 6, 2007, the United States filed a reply to Defendants Mortgage Electronic Registration Systems, Inc.'s and Countrywide Home Loan, Inc.'s Statement

of Position Re: United States' Motion for Summary Judgment. (Doc. 83.)

On September 10, 2007, Defendants Richard and Katherine Cowan filed a Motion For Summary Judgment, (Doc. 84); and an Opposition To USA's Motion For Summary Judgment. (Doc. 86.)

On October 4, 2007, Defendants Mortgage Electronic Registration Systems, Inc. and Countrywide Home Loans, Inc. filed a Statement of No Position Re: Defendants Cowans' Motion For Summary Judgment filed on July 2, 2007. (Doc. 94.)

On October 11, 2007, Plaintiff United States filed United States' Reply Memorandum In Support Of Its Motion For Summary Judgment And Response To Defendants Cowans' Motion For Summary Judgment, and a Second Declaration Of Jeremy N. Hendon in support of United States' motion for summary judgment, and Exhibit A. (Doc. 97.)

Immediately prior to the hearing on October 22, 2007, Defendants Cowan faxed a document entitled "Petitioners' Statement For October 22, 2007, Hearing" to the Court. The Defendants attached unverified portions of various papers to the faxed document.[1]

The matter came on for hearing on October 22, 2007. The Cowans did not appear. The Court entered an oral order GRANTING Plaintiff United States' Motion for Summary Judgment, and DENYING Defendants Cowans' Motion for Summary Judgment. (Doc. 98.)

On October 22, 2007, the Court signed and issued the Order of Foreclosure And Judicial Sale. (Doc. 99.)

On November 7, 2007, Defendants Cowans filed a Notice of Appeal. (Doc. 105.)

On the same day, Defendants Cowans filed a Request for Stay of Execution of Order of Foreclosure. (Doc. 101.)

On November 16, 2007, the Court entered an Order Denying Defendants Cowans' Request for Stay of Execution of Order of Foreclosure. (Doc. 104.)

On December 17, 2007, Defendants Cowans' filed a Motion and Notice—For Stay of Judgment. (Doc. 114.)

On December 21, 2007, the Government filed a Response to Defendants Cowans' Motion for Stay of Judgment. (Doc. 115.)

## BACKGROUND

### I. *Facts*

#### 1. *Residency and Citizenship Status*

Richard J. Cowan is a permanent resident of the United States and has been since October 4, 1988, as indicated on his permanent resident card. (July 2, 2007, Declaration of Jeremy N. Hendon ("Decl.Hendon"), at Exh. 29, permanent resident card, Doc. 57.) Katherine McClellan Cowan is a citizen of the United States as she indicated in her response to admission requests. (Decl. Hendon, Exh. 30, at ¶ 4, and Exh. 33, at 1; Doc. 57.)

#### 2. *Filing Of Non-resident Alien Federal Income Tax Returns*

Richard Cowan filed verified United States federal income tax returns for non-resident aliens, Internal Revenue Service Form 1040NR–EZ for tax years 1995,

---

**1.** At the hearing, counsel for the United States, Jeremy N. Hendon, Esq., stated he had not yet received a copy of Defendants Cowans' faxed document entitled "Petitioners' Statement For October 22, 2007, Hearing". The Court provided Mr. Hendon with a copy and Mr. Hendon was given time during the hearing to review the faxed Cowan Statement and formulate a response. Mr. Hendon declined to request a continuance of the hearing in order to prepare a response. Mr. Hendon entered an oral response to the Cowan Statement.

1996, and 1997. In these tax returns Richard Cowan declared he had earned no income and owed no federal taxes, placing zeros on the corresponding lines of the tax forms. (Decl. Hendon, Exhs. 9 and 10, Doc. 57; Defendants' Opp. To USA's Motion For Summary Judgment, Statement Of Facts at ¶¶ 1–3, Doc. 86.)

In 1999, Katherine Cowan also filed verified United States federal income tax returns for non-resident aliens, Form 1040NREZ, for tax years 1995, 1996, and 1997. In these tax returns Katherine Cowan similarly declared she had earned no income and owed no federal taxes, placing zeros on the corresponding lines of the tax forms. Katherine also stated "Client [Katherine] is not a United States Citizen." (Decl. Hendon, Exhs. 11–13, Doc. 57; Cowans' Opp., Statement Of Facts at 4, Doc. 86.)

In support of the information in these returns, each of the Cowans attached a statement advancing the theory that no taxes were owed as no income had been earned in either the District of Columbia or in any territories of the United States:

> Definitions: "It is a well established principle of law that all federal legislation applies only within the territorial jurisdiction of the United States unless a contrary intent appears." "The laws of Congress in respect to those matters (outside of Constitutionally delegated powers) do not extend into the territorial limits of the States, but have force only in the District of Columbia, and other places that are within the exclusive jurisdiction of the national government." The words United States have three distinct meanings: (1) The name of the sovereign (country) in the family of nations. (2) It may designate the territory over which sovereignty of the United States (federal government) extends, i.e. Washington DC, Guam, Puerto Rico, U.S. Virgin Islands, or (3) It may be the collective name of the states which are united under the Constitution. Citizenship. "When the Constitution was adopted, the people of the United States were the citizens of the several states for whom and for whose posterity the government was established." **All IRC definitions of United States utilize the geographical terminology and by inference mean the corporate entity with limited territorial jurisdiction.**
>
> Section 871 imposes a tax on nonresident alien individuals that are engaged in a trade or business as provided by sections 1, 55, and 402(d)(1) which is effectively connected with the conduct of a trade or business within the United States. **Our client(s) are not engaged in a trade or business that is effectively connected with or within the United States.**

(Decl. Hendon, Exhs. 9–13 (citations omitted and emphasis added), Doc. 57.)

The Cowans also included a notarized Notice Of Election/Change of Election with each tax return stating "I exercise the right to reclaim the character and capacity of a 'non-resident alien individual,' via the authority of U.C.C. 1–207 ... for the tax year(s) 1966 to 1998 and § 6013(g)(4)(A) effective immediately." (*Id.*)

### 3. *Tax Returns Prepared By The United States*

The Internal Revenue Service prepared "substitute for returns" for Richard Cowan for the 1995 and 1996 tax years. The substitute for returns were prepared based upon information regarding Richard Cowan's income reported to the Internal Revenue Service by third parties, including information on 1099 Forms. (Decl. Heller, ¶ 4 and Exhs. 1–2, Doc. 57; Decl. Hendon, Exh. 1 at 2 and Exh. 2 at 2, Doc. 57.)

### a. *The 1995 Tax Year*

On September 18, 2000, the Internal Revenue Service made an assessment against Richard Cowan for unpaid federal income taxes, Form 1040, for the 1995 tax year in the amount of $84,663.00, and for an estimated tax penalty in the amount of $4,590.65; a late filing penalty in the amount of $21,165.75; and interest assessed in the amount of $47,959.50. (Decl. Heller, Exh. 1, Doc. 57; Decl. Hendon, Exh. 1 at 2, Doc. 57.)

### b. *The 1996 Tax Year*

On September 4, 2000, the Internal Revenue Service made an assessment against Richard Cowan for unpaid federal income taxes, Form 1040, for the 1996 tax year in the amount of $5,166.00, and an estimated tax penalty in the amount of $274.94; a late filing penalty in the amount of $1,291.50; and interest assessed in the amount of $2,108.65. (Decl. Heller, Exh. 2, Doc. 57; Decl. Hendon, Exh. 2 at 2, Doc. 57.)

### c. *Frivolous Filing Penalties*

On April 29, 2002, the Internal Revenue Service assessed Richard Cowan and Katherine Cowan with frivolous return filing penalties for the tax years 1995, 1996 and 1997. (Decl. Hendon, Exh. 3 at 2, Exh. 4 at 2, Exh. 5 at 2, Exh. 6 at 2, Exh. 7 at 2, Exh. 8 at 2, Doc. 57.)

### 4. *The Real Property In Interest*

Defendant Mitch C. Wallis, trustee of Freebird Ventures, was presented by the Defendants as the record title holder of the real property at 7771 Koolau Road, Kilauea, Hawaii 96754 ("real property"). (Decl.Hendon, Exh. 14, Doc. 57.) The Cowans have admitted they are the true owners of the property. (Decl. Hendon, Exh. 25 at 6, Exh. 28 at 7, Exh. 30 at 4, and Exh. 33 at 1, Doc. 57.) On September 4, 2007, the Court entered a default judg-ment against Defendant Mitch C. Wallis, trustee of Freebird Ventures with respect to his status as the record title holder of the real property. (Doc. 80 and 82.) Defendants Mitch C. Wallis and Freebird Ventures' alleged interest in, and record title to, the real property was ruled to be without merit. (Doc. 80 and 82.)

## II. *The Complaint*

The United States alleges the following causes of action against the Cowans:

(1) Count One (Judgment for Unpaid Federal Income Tax and Civil Penalty Assessments Against Richard J. Cowan)—Richard Cowan failed to pay federal income taxes assessed on income received in 1995 and 1996, and failed to pay assessed civil penalties for tax years 1995–1997;

(2) Count Two (Judgment for Unpaid Federal Civil Penalty)—Katherine Cowan failed to pay assessed civil penalties for tax years 1995–1997; and

(3) Count Three (Foreclose Federal Tax Liens)—the Federal Tax Liens for the assessed federal income taxes and civil penalties attach to the real property at issue, and are valid and subsisting liens against the real property, and that the tax liens be foreclosed and the real property be ordered sold at a judicial sale.

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). There must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. *Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 916 (9th Cir.1996).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes dem-

onstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. The moving party need not produce any evidence at all on matters for which it does not have the burden of proof. *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. That burden is met simply by pointing out to the district court that there is an absence of evidence to support the nonmovant's case. *Id.*

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 282 (9th Cir.1979). The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir.1995). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Nidds*, 113 F.3d at 916 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The court views the facts in the light most favorable to the non-moving party. *State Farm Fire & Casualty Co. v. Martin*, 872 F.2d 319, 320 (9th Cir.1989).

Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed. Fed.R.Civ.P. 56(c); *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed.R.Civ.P. 56(e); *T.W. Elec. Serv.*, 809 F.2d at 630. The opposing party cannot rest on mere allegations or denials. Fed.R.Civ.P. 56(e); *Gasaway v. Northwestern Mut. Life Ins. Co.*, 26 F.3d 957, 959–60 (9th Cir.1994). Nor can the opposing party rest on conclusory statements. *National Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 502 (9th Cir.1997).

## ANALYSIS

The Cowans do not present evidence to dispute the government's assertions in the matter. Rather than offering evidence of specific facts contesting their alleged tax liability, the Cowans set forth three legal contentions. Specifically, the Cowans assert that (1) no tax liability exists because, as resident aliens, they do not owe taxes, (2) that the United States has failed to meet its burden of proof in providing evidence of the tax liability, and (3) that no tax is owed because the Cowans did not earn any income within the United States, as the Cowans define the United States.

## I. LIABILITY FOR TAXES AS A CITIZEN OR A RESIDENT ALIEN OF THE UNITED STATES

Pursuant to § 1 of the Internal Revenue Code, an income tax is imposed on the income of every person who is a citizen or resident alien of the United States.[2] 26 U.S.C. § 1.

**2.** [T]he Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of ... [an] income tax on United States citizens residing in the United States and thus

the validity of the federal income tax laws as applied to such citizens. *United States v. Nelson (In re Becraft)*, 885 F.2d 547, 548 (9th Cir.1989) (quotations omitted).

■ Richard Cowan is a permanent resident of the United States. As a permanent resident, he is liable for income taxes on income received as imposed by the Internal Revenue Code. *Lujan v. Commissioner,* T.C. Memo.2000–365, 2000 WL 1772503 at *3 (U.S. Tax Court 2000) (*citing* Treasury Regulation 1.1–1(b)); 26 U.S.C. § 7701(b)(1)(A).

■ Katherine Cowan is a citizen of the United States. As a citizen, she is liable for income taxes imposed by the Internal Revenue Code on income received. United States citizens and resident aliens are liable for federal income taxes on income received from sources within or without the United States. *Lujan,* at *3 (*citing* Treasury Regulation 1.1–1(b)); 26 U.S.C. § 7701(a).

## II. THE UNITED STATES HAS MET ITS INITIAL BURDEN REGARDING THE FEDERAL TAX LIABILITIES OF RICHARD COWAN

■ The United States bears the initial burden of proof in an action to collect taxes. *United States v. Stonehill,* 702 F.2d 1288, 1293 (9th Cir.1983), *cert. denied,* 465 U.S. 1079, 104 S.Ct. 1440, 79 L.Ed.2d 761 (1984); *Palmer v. Internal Revenue Service,* 116 F.3d 1309, 1312 (9th Cir.1997).

■ The government's burden can be met by the presentation of federal tax assessments. *Stonehill,* 702 F.2d at 1293. A presumption of correctness attaches to the government's tax assessment, and introduction of the assessment establishes a prima facie case. *Id.* The presumption arises when it is substantiated by a minimal evidentiary foundation. *Id.* The government's proffer of some substantive evidence that the taxpayer received unreported income is sufficient. *Id.* (The factual foundation for the assessment is laid "once some substantive evidence is introduced demonstrating that the taxpayer received unreported income.") (*quoting Edwards v. Commissioner,* 680 F.2d 1268, 1270 (9th Cir. 1982)). A certificate of Assessments and Payments, or Form 4340, is admissible, highly probative evidence demonstrating that notices and assessments were properly made. *Hughes v. United States,* 953 F.2d 531, 539–40 (9th Cir.1992). Forms 4340 are admissible as self-authenticating official records of the Government. *Id.;* Fed.R.Evid., Rule 902(1).

The United States has met its initial burden, meeting the applicable standard under the standard by submitting affidavits consisting of the Form 4340 Certificates of Assessments and Payments generated under seal and signed by an authorized delegate of the Secretary of the Treasury. *Id.* (Decl.Hendon, Exhs.1–9, Doc. 57.) The submission of these documents by the United States adequately evidences Richard Cowan's tax liability of $84,663 for 1995, and $5,166 for 1996. (*Id.*)

The government also introduced the working papers, notes, and signed declaration of the agent who conducted the investigation of the Cowans' tax liability, and prepared the deficiency determinations and assessments against the Cowans. (Declaration of Jeff Heller In Support Of United States' Motion For Summary Judgment; Exhibits 1–10 ("Decl.Heller").)

As a matter of law, the United States has provided evidence satisfying its burden for summary judgment. *Stonehill,* 702 F.2d at 1293.

## III. THE COWANS FAIL TO PROVIDE OPPOSING EVIDENCE RAISING A GENUINE ISSUE OF MATERIAL FACT

To defeat summary judgment, the Cowans must present specific facts that show there is a genuine issue for trial. Fed.

R.Civ.P., Rule 56(e); *Stonehill,* 702 F.2d at 1293 (introduction of presumptively correct tax assessment shifts burden of proof to taxpayer).

The Cowans fail to meet their burden. A careful reading of the Cowans' opposition, including the "statement of facts", shows the Cowans do not assert specific facts contesting the alleged tax liability. (Doc. 86, Cowans' Opp.) Only conclusory statements are offered in opposition:

> This Court must reject the Adjustments to Income entitled "REAL ES SL–SE-CURITY TITLE" in the amount of $223,000 and "CAPITAL GAIN OR LOSS" in the amount of $5,811 as baseless, arbitrary and lacking any foundation in fact.

(Doc. 86, Cowans' Opp. at 16.) The Cowans cannot rest on mere allegations or denials. Fed.R.Civ.P. 56(e); *Gasaway v. Northwestern Mut. Life Ins. Co.,* 26 F.3d 957, 959–60 (9th Cir.1994). Nor can the Cowans rest on conclusory statements. *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir.1997).

Defendant's lack of cooperation in discovery resulted in Richard Cowan being precluded from using any documents requested by the United States in written discovery in the matter, pursuant to the Court's May 18, 2007, Order Compelling Discovery. (Doc. 46.) The May 18th Order required the Cowans to respond to Plaintiff's written discovery by June 12, 2007. The Cowans failed to do so. (2nd Declaration of Jeremy N. Hendon In Support of United States' Motion For Summary Judgment at ¶¶ 4–5 and Exhibit A, Doc. 97.) At the hearing on the motions for summary judgment, counsel for the Government, Mr. Hendon, stated that, through October 22, 2007, the Cowans have failed to comply with the Court's Order Compelling Discovery. Pursuant to the Court's Order Compelling Discovery, (Doc. 46), the United States' Second Request for Admissions Numbers 18–23 are deemed admitted, and Richard Cowan is precluded from using any documents requested by the United States that relate in any manner to his federal income tax liabilities for 1995 and 1996, Document Requests 2 and 3, that were not produced prior to October 22, 2007.

The Cowans also failed to submit any documents with either their motion for summary judgment or their opposition to the United States' motion for summary judgment relating in any manner to the Cowans' federal income tax liabilities. (Doc. 84 and 86.)

█ The Certificates of Assessments and Payments, Forms 4340, are, in the absence of contrary evidence, sufficient to establish that the tax assessments were correctly made, and that notices and demand for payment were sent. *Stonehill,* 702 F.2d at 1293.

The Cowans have offered nothing to counter the evidence. (Cowans' Opp., Doc. 86.) The Cowans' demand for more evidence, such as "cancelled checks" and "third-party document[s]" does not serve to raise issues of material fact.

The government has met their evidentiary burden, and the Cowans fail to offer evidence that would place any material fact in controversy. Fed.R.Civ.P. 56(e); *Stonehill,* 702 F.2d at 1293.

## IV. THE ARGUMENT THAT THE INCOME WAS NOT EARNED IN THE UNITED STATES IS FRIVOLOUS

█ The Cowans argue that no taxes are owed because the income documented by the government was not earned in an area of the United States within the jurisdiction of the federal government. The Cowans, misconstruing the law, define the federal authority of the United States as

only extending to Washington, D.C. and certain territories. (Decl. Hendon, Exh.s 9–13, at Part IV Explanations, Doc. 57.)

The tax-protester argument has been unequivocally rejected by the federal courts as lacking in legal merit and patently frivolous. *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir.1990)(Tax-protester arguments, including the argument that the authority of the United States is confined to the District of Columbia, are "completely lacking in legal merit and patently frivolous"). The Ninth Circuit has rejected the Cowans' claim that federal jurisdiction is limited to United States territories and the District of Columbia, and that the federal income tax laws are inapplicable to a resident of one of the states stating:

> Additionally, we note that much of Becraft's reply is also devoted to a discussion of the limitations of federal jurisdiction to United States territories and the District of Columbia and thus the inapplicability of the federal income tax laws to a resident of one of the states. The claim also has no semblance of merit.

*United States v. Nelson (In re Becraft)*, 885 F.2d 547, 548 n. 2 (9th Cir.1989). *See also United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir.1987)(the Eleventh Circuit summarily rejects the identical argument about the limitations of federal jurisdiction), *cert. denied*, 485 U.S. 1022, 108 S.Ct. 1576, 99 L.Ed.2d 891 (1988). The Cowans' contention that their income was not earned in the District of Columbia or certain territories of the United States and that therefore no income tax is owed is wholly without merit. *Id.* at 548–9.

In light of the government's proffer of the Certificates of Assessments, establishing a presumption of tax liability, and the Cowans' failure to provide admissible opposing evidence showing the tax assessments to be incorrect, summary judgment in favor of the United States is **GRANT-**ED. *See Adams v. United States*, 175 Ct.Cl. 288, 358 F.2d 986, 994 (1966).

## V. LATE FILING AND FAILURE TO PAY ESTIMATED TAX PENALTIES

■ Pursuant to 26 U.S.C. §§ 6651(a) and 6654, the payment of penalties for the failure to timely file income tax returns and the failure to pay estimated taxes is mandatory once the underlying income tax assessment is established. The Cowans' liability for the income tax assessments has been established, and summary judgment in favor of the United States on the claim of statutory interest is **GRANTED**. (Decl.Hendon, Exhs.1–2.)

## VI. PENALTIES FOR FILING A FRIVOLOUS TAX RETURN

In 1982, Congress enacted the Tax Equity and Fiscal Responsibility Act to deter the filing of frivolous tax returns. By virtue of the Act, Congress amended the Internal Revenue Code of 1954 by adding § 6702. Section 6702 provides for a $500 civil penalty against taxpayers who file frivolous returns. 26 U.S.C. § 6702 states:

> (a) Civil Penalty. -If-
>
> (1) any individual files what purports to be a return of the tax imposed by subtitle A but which—
>
> (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
>
> (B) contains information that on its face indicates that the self-assessment is substantially incorrect; and
>
> (2) the conduct referred to in paragraph (1) is due to—
>
> (A) a position which is frivolous, or
>
> (B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax

laws, then such individual shall pay a penalty of $500.

Based on the federal tax returns filed, the Internal Revenue Service assessed both of the Cowans with frivolous tax return filing penalties pursuant to 26 U.S.C. § 6702. The assessment of penalties is amply supported by the evidence.

Richard and Katherine Cowan filed non-resident alien tax returns for 1995, 1996 and 1997. (Decl. Hendon, Exhs. 9–13, Doc. 57; Cowans' Opp., Statement Of Facts at ¶¶ 1–3 and pg. 4, Doc. 86.) Katherine Cowan filed non-resident federal tax returns despite her status as a United States citizen. Richard Cowan filed non-resident federal tax returns despite being a resident alien since 1988.

On each of these returns, the Cowans entered zeros on the income and tax owed lines of their Form 1040NR–EZ. (*Id.*) Both of the Cowans attached statements in which they asserted that the income they earned was not earned within the United States as defined by the tax code. (Decl.Hendon, Exhs.9–13, Doc. 57.) Such an argument lacks legal merit and is patently frivolous. *Lonsdale*, 919 F.2d at 1448; *In re Becraft*, 885 F.2d at 549.

The Cowans' arguments lack legal merit. *Id.* Summary judgment in favor of the United States on the claim to reduce the penalties imposed for the filing of frivolous tax returns to judgment is **GRANTED**. 26 U.S.C. § 6702.

## VII. STATUTORY INTEREST

█ Pursuant to 26 U.S.C. §§ 6601(a) and (e)(2)(A), 6621, and 6622, the payment of statutory interest is mandatory once the underlying income tax and associated penalty assessments are established. *Purcell v. United States*, 1 F.3d 932, 943 (9th Cir.1993). Pursuant to 26 U.S.C. § 6622, interest is compounded daily from the date of notice and demand for payment of the income tax and associated penalty liabilities. As the Cowans' liability for the income tax and associated penalty assessments has been confirmed, summary judgment in favor of the United States on the claim of statutory interest is warranted.

Taking the facts in the light most favorable to the Cowans, the Court finds that no genuine issues of material fact exist regarding the amount of federal income tax owed. The United States presented substantial, detailed analyses demonstrating that Richard Cowan owes a total of $284,550.79 for his federal income tax liabilities for tax years 1995 and 1996, including penalties and interest, and frivolous return filing penalties for tax years 1995, 1996, and 1997, and interest, calculated through June 29, 2007; and that Katherine Cowan owes $2,098.61 for her frivolous return filing penalties for tax years 1995, 1996, and 1997, and interest, calculated through June 29, 2007. (Decl.Heller, ¶¶ 15–17.) The Cowans dispute the assertion that their income was earned in the United States, but they fail to present any evidence creating a genuine issue of material fact. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505.

## VIII. THE UNITED STATES IS ENTITLED TO FORECLOSE ON THE COWANS' REAL PROPERTY

█ If a taxpayer who refuses to pay taxes after receiving notice and a demand for payment, the United States Government automatically receives a lien "upon all property and rights to property, whether real or personal," belonging to the taxpayer in the amount of the unpaid taxes. 26 U.S.C. § 6321. The lien arises on the date of assessment and continues until the tax liability is paid. *Id.* The tax liens of the United States are perfected upon

assessment. *United States v. Vermont,* 377 U.S. 351, 355, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964). The United States may enforce the lien by commencing an action in District Court, joining all parties with an interest in the property to the action, and obtaining a judicial sale of the real property. 26 U.S.C. § 7403; *United States v. Rodgers,* 461 U.S. 677, 691–92, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983)(26 U.S.C. § 7403 grants the power to a federal district court to order the sale of a delinquent taxpayer's home).

■■ The United States may impose a lien on property in the hands of a nominee of the taxpayer, pursuant to 26 U.S.C. § 6321. *United States v. Marsh,* 114 F.Supp.2d 1036, 1043 (D.Hawai'i 2000)("Federal tax liens against a taxpayer may be foreclosed against property held by a nominee or alter ego so long as the taxpayer is the equitable owner of the property.").

Here, Defendant Mitch C. Wallis, trustee of Freebird Ventures, has been put forward as the current record title holder of the real property at issue. (Decl.Hendon, Exh. 14, Doc. 57.) The Cowans, though, are the equitable owners, and have admitted they are the true owners of the property. (Decl. Hendon, Exh. 25 at 6, Exh. 28 at 7, Exh. 30 at 4, and Exh. 33 at 1, Doc. 57.)

The Court has entered a default judgment against Defendant Mitch C. Wallis, trustee of Freebird Ventures as record title holder of the real property at issue. (Doc. 80.) In the Court's order adopting the Magistrate's Findings and Recommendations, the Court found that Defendants Wallis and Freebird Ventures have no right, title, or interest in the real property at issue. (*Id.*)

■■ Finally, the United States has provided ample evidence that the Cowans are the equitable owners of the real property located at 7771 Koolau Road, Kilauea,

Hawaii 96754. (Decl. Hendon, Exh. 16 at 1, the January 30, 2001 residential loan application stating the Cowans acquired the property in 1998; Exh. 25 at 6; Exh. 28 at 7; Exh. 30 at 4; and Exh. 33 at 1, the Cowans received no consideration from Freebird Ventures for the purported transfer of record title to the real property, Doc. 57.)

The material facts regarding the ownership of the property are undisputed and summary judgment in favor of the United States on the claims for the foreclosure of federal tax liens and the judicial sale of the Cowans' real property is **GRANTED.**

## IX. THE COWANS' MOTION FOR SUMMARY JUDGMENT

The Cowans base their motion for summary judgment on the same faulty legal conclusions used to oppose the United States' motion for summary judgment. As noted above, these arguments have no legal merit. The Cowans' motion for summary judgment is **DENIED.**

## X. THE COWANS' MOTION FOR STAY OF JUDGMENT

■■ On December 17, 2007, the Cowans moved for a stay of judgment, including the order of foreclosure and judicial sale, pursuant to Fed.R.Civ.P. 62(d). Rule 62(d) allows a party appealing a money judgment to obtain a stay of execution of judgment pending appeal by posting a satisfactory supersedeas bond:

> Stay With Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed.R.Civ.P. 62(d). The supersedeas bond is meant to secure the appellee from any resulting loss from the stay. *Federal Prescription Service, Inc. v. American Pharmaceutical Association*, 636 F.2d 755, 760 (D.C.Cir.1980)("The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution.") The Court has inherent discretionary authority in setting supersedeas bonds. *Miami International Realty Co. v. Paynter*, 807 F.2d 871 (10th Cir.1986). *See also Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir.1979) (policy behind supersedeas bond is to preserve "the status quo while protecting the non-appealing party's rights pending appeal").

 "Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable." *Federal Prescription Service*, 636 F.2d at 760.

Here, the Cowans' move to have the amount of the supersedeas bond limited to the sum of $297,791.24. (Motion for stay of judgment at 2, Doc. 114.) The sum fails to take into account interest which continues to accrue on the amount the Cowans owe the Government. The sum also fails to take into account the costs of the appeal of the matter to the Ninth Circuit Court, interest on the costs of appeal, and damages for the delay the stay of judgment would impose.

The sum named by the Cowans also fails to account for the mortgage liens held by Defendants Countrywide Home Loans, Inc. ("Countrywide") and Mortgage Electronic Registration Systems, Inc. ("MERS"). The liens held by Countrywide and MERS have priority over the Government's federal tax liens and are to be satisfied first from any revenues obtained from the foreclosure and judicial sale of the real property by the Government. The Cowans' motion for stay of judgment is **DENIED.**

To fully protect the Government on issuance of a stay of judgment, the supersedeas bond amount must be set to take into account the additions of interest, costs of appeal, damages for delay, and payment of the Countrywide and MERS liens. The Countrywide and MERS liens total $238,478.89. To take into account the accruing interest on the amount owed to the Government and the costs of appeal and damages for delay, the Court sets the portion of the supersedeas bond at 120% of the amount owed to the Government as of December 20, 2007, that is, 120% of $297,791.24. *See U.S. v. Goltz*, 2007 WL 295558 at *2 (W.D.Tex.2007) ("The Goltzes are entitled to a supersedeas stay as of right only if they post bond in an amount sufficient to cover the entire amount of the judgment, including interest, costs, and damages for delay.... Consequently, the Goltzes are entitled to a supersedeas stay as of right only if they can post bond in an amount ... which equals 120% of the Goltzes' outstanding tax liability."). The Court sets the total amount of supersedeas bond in the matter at $595,828.38 (which is the sum of $297,791.24 × 120% + $238,478.89). The Court will order a supersedeas stay only if the Cowans post a supersedeas bond with the Court in the amount of $595,828.38. The Government represents that the amount is sufficient to cover the entire amount of the judgment, including interest, costs, damages for delay, and payment of the Countrywide and MERS liens. The Cowans must post the supersedeas bond and file notice with the Court on or before January 11, 2008.

## CONCLUSION

1. Richard J. Cowan's federal income tax liabilities for tax years 1995 and 1996, and for Richard J. Cowan's frivolous return filing penalties for tax years 1995, 1996, and 1997, calculated through June 29, 2007, are $284,550.79, plus such additional statutory additions, including interest, as continue to accrue until paid in full.

2. Katherine McClelland Cowan's frivolous return filing penalties for tax years 1995, 1996, and 1997, calculated through June 29, 2007, are $2,098.61, plus such additional statutory additions, including interest, as continue to accrue.

3. Freebird Ventures holds title to the real property located at 7771 Koolau Road, Kilauea, Hawaii 96754, as the nominee of Richard and Katherine Cowan.

4. The federal tax liabilities at issue in this matter against Richard and Katherine Cowan are liens against the real property located at 7771 Koolau Road, Kilauea, Hawaii 96754.

For the foregoing reasons:

1. Plaintiff United States of America's Motion For Summary Judgment is **GRANTED,** (Doc. 57).

2. Defendants Cowans' Motion for Summary Judgment is **DENIED,** (Doc. 84).

3. The judicial sale of the real property located at 7771 Koolau Road, Kilauea, Hawaii 96754, is to occur pursuant to the terms and procedure set forth in the October 22, 2007, Order of Foreclosure and Judicial Sale, (Doc. 99).

4. Defendants Cowans' Motion for Stay of Judgment is **DENIED,** (Doc. 114).

5. Defendants Cowan are given leave to post a supersedeas bond in the amount of $595,828.38, no later than January 11, 2008, to obtain a stay of judgment pending the appeal of the matter.

IT IS SO ORDERED.