NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 27, 2009[*]
Decided May 27, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-3366

| | |
|---|---|
| DANIEL G. CALLAHAN and MARY E. CALLAHAN, | Appeal from the United States Tax Court. |
|     *Petitioners-Appellants*, | |
| | Nos. 10256-04, 10257-04, 23879-04 |
|     *v.* | |
| COMMISSIONER OF INTERNAL REVENUE, | Joseph H. Gale, |
|     *Respondent-Appellee*. | *Judge*. |

**O R D E R**

Daniel and Mary Callahan petitioned the United States Tax Court for redetermination of tax deficiencies and additions to tax assessed by the Commissioner of Internal Revenue after they failed to file income tax returns for four years. At trial, the

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Callahans contended that their income was not taxable because the Internal Revenue Code taxes only "the gain from wages" and not the wages themselves.   The tax court rejected the Callahans' theory, characterizing it as a "frivolous tax-protester argument," and ordered them to pay the back taxes, additions, and sanctions of $1,500 because their litigation conduct had "wasted the time and resources" of the court.

On appeal, the Callahans principally renew their contention that their wages are exempt from tax under 26 U.S.C. § 61.  The argument is beyond frivolous.  *See, e.g., United States v. Cooper,* 170 F.3d 691, 691 (7th Cir. 1999) (such arguments are "frivolous squared"); *Coleman v. CIR,* 791 F.2d 68, 70 (7th Cir. 1986).  It is well established that compensation received for labor is income subject to taxation.  *Cooper,* 170 F.3d at 691.

The Callahans also advance several other equally frivolous arguments.  First, they contend that they were denied due process because the IRS never issued a valid assessment and instead issued only a notice of deficiency.  However, the government cannot issue an assessment while a taxpayer's challenge to a notice of deficiency is still pending.  26 U.S.C. § 6213(a); *Reynolds v. CIR,* 296 F.3d 607, 613 (7th Cir. 2002).  Second, the Callahans complain that the IRS perpetrated a fraud when it created substitute 1040 forms for the years in which they failed to file tax returns.  But the tax code authorizes the Commissioner to make a "return" from available information in order to calculate the tax liability of those who do not file returns.  *See* 26 U.S.C. § 6020(b); *Carlson v. United States,* 126 F.3d 915, 926 (7th Cir. 1997).  Next, the Callahans argue that they are exempt from filing tax returns because IRS Form 1040 lacks a valid "control number" in violation of the Paperwork Reduction Act of 1980, 44 U.S.C. §§ 3501-21, which requires agencies to obtain advance approval from the OMB before they can collect information.  *See* 44 U.S.C. §§ 3507, 3512(a)(1).  The Callahans, though, have given us no reason to doubt that the OMB control number that appears on Form 1040 is valid.  Finally, the Callahans insist that the tax court judge denied them their Sixth Amendment right to confrontation by not requiring counsel for the Commissioner to testify at trial.  But the Sixth Amendment does not apply to civil proceedings.  *See United States v. George,* 403 F.3d 470, 473 (7th Cir. 2005).

The Commissioner has moved for sanctions against the taxpayers.  *See* FED. R. APP. P. 38.  We agree that the Callahans' appeal is frivolous.  We therefore grant the motion and impose sanctions of $4,000, the presumptive sanction for filing a frivolous appeal in a tax case.  *See Szopa v. United States,* 460 F.3d 884, 887 (7th Cir. 2006).

AFFIRMED.