T.C. Memo. 2010-201

UNITED STATES TAX COURT

DANIEL GERARD CALLAHAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12907-08.                    Filed September 14, 2010.

Daniel Gerard Callahan, pro se.

<u>James M. Klein</u>, for respondent.

MEMORANDUM OPINION

PARIS, <u>Judge</u>:  On February 25, 2008, respondent determined a
deficiency of $2,261 in petitioner's Federal income tax and
additions to tax of $508.73 under section 6651(a)(1)[1] for failure
to file a return, $237.41 under section 6651(a)(2) for failure to

_____

    [1]All section references are to the Internal Revenue Code of
1986, as amended.

pay tax, and $90.69 under section 6654 for failure to make estimated tax payments for tax year 2005.[2]  Petitioner timely petitioned this Court for redetermination of the tax deficiency as well as the additions to tax for tax year 2005.

The principal issue for decision is whether the payments petitioner received in exchange for services he provided are gross income on which taxes should be paid.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference.  During tax year 2005 petitioner worked as an assistant supervisor and clinician for the Midwest College of Oriental Medicine in Racine, Wisconsin, an institution owned by Acupuncture Center, Inc. (ACI).  Petitioner was paid $13,150 with checks issued by ACI for services he provided to ACI pursuant to a contract which stated that ACI would file a Form 1099-MISC, Miscellaneous Income, with the Internal Revenue Service and that petitioner would be responsible for paying any tax liability which resulted from the payments.  Petitioner has a B.S. degree in economics, a master's degree in industrial relations, a B.S. degree in nutrition, and a master's degree in nutrition and is currently working on a doctorate in nutrition.  Petitioner,

_____

[2]Respondent has conceded the $237.41 addition to tax determined under sec. 6651(a)(2).

although not an attorney, also has 4 years of experience as a municipal court judge in Sturtevant, Wisconsin.

Petitioner did not file a tax return for tax year 2005. He did not pay any Federal income tax or make any payments of estimated tax for that year. On February 25, 2008, respondent mailed to petitioner a notice of deficiency setting forth respondent's determination of a deficiency in petitioner's income tax for tax year 2005 and additions to tax under sections 6651(a)(1) and (2) and 6654(a). The notice of deficiency reflected a filing status of married filing separately. Petitioner filed a timely petition with this Court on May 27, 2008. At the time of filing petitioner resided in Wisconsin. Petitioner's marital status was not further addressed by the parties.

## Discussion

### Tax Deficiency

Petitioner argues that he is a citizen of the "Republic of Wisconsin" and not a citizen of the State of Wisconsin or of the United States. Consequently, petitioner argues that he does not have to pay Federal income taxes.

Petitioner's argument that he is not a citizen of Wisconsin or of the United States is a frivolous argument of the sort that this Court and other courts have consistently rejected. See United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993);

United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993); United States v. Sileven, 985 F.2d 962 (8th Cir. 1993); Bland-Barclay v. Commissioner, T.C. Memo. 2002-20; Solomon v. Commissioner, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 1391 (7th Cir. 1994).

Petitioner claims that the compensation he received during tax year 2005 is not income for Federal taxation purposes. Petitioner admits that he was "associated" with ACI and was monetarily compensated for services he performed for ACI. However, petitioner contends that his time and talent are a like-kind exchange for the money received, akin to an exchange of property. ACI's Dean of Faculty testified for respondent that ACI made payments to petitioner in 2005 for the work he performed that year under a contract with ACI. ACI reported the payments made to petitioner on Form 1099-MISC.

Wages and other compensation received in exchange for personal services are taxable income. Casper v. Commissioner, 805 F.2d 902, 904-905 (10th Cir. 1986), affg. T.C. Memo. 1985-154; Funk v. Commissioner, 687 F.2d 264, 265 (8th Cir. 1982), affg. T.C. Memo. 1981-506. For Federal income tax purposes, "gross income" means all income from whatever source derived and includes compensation for services. Sec. 61(a). Petitioner performed services for ACI and was compensated for those

services.   Therefore, the compensation petitioner received for those services is taxable as gross income under section 61(a).

Section 6651(a)(1) and (2) and 6654(a) Additions to Tax

Respondent determined that petitioner is liable for additions to tax for failure to file a return and failure to pay estimated income tax under sections 6651(a)(1) and 6654(a), respectively.[3]  Respondent bears the burden of production; i.e., the burden of producing evidence that it is appropriate to impose the additions to tax.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Once the Commissioner meets his burden of production under section 7491(c), the taxpayer bears the burden of proof regarding reasonable cause or similar provisions.  Higbee v. Commissioner, supra at 447.

Petitioner received a Form 1099-MISC from ACI which reflected the amount of money he received for the services he performed.  However, petitioner did not file a tax return for tax year 2005.  Petitioner did not offer a cognizable defense for his failure to file a Federal income tax return.  The failure to file addition to tax under section 6651(a)(1) is sustained.

Respondent determined that petitioner is liable for a section 6654(a) addition to tax for failure to pay estimated income taxes for tax year 2005.  Absent a statutory exception, an

---

[3]As previously noted, respondent conceded the sec. 6651(a)(2) addition to tax before trial.

addition to tax for failure to pay estimated income tax is mandatory once an underpayment of a required installment of the tax is established. Bagby v. Commissioner, 102 T.C. 596, 613 (1994); Stoddard v. United States, 664 F. Supp. 2d 774, 792 (E.D. Mich. 2009); United States v. Cowan, 535 F. Supp. 2d 1135, 1145 (D. Haw. 2008). Respondent has the burden of production to show that an addition to tax is appropriate. See sec. 7491(c); Wheeler v. Commissioner, 127 T.C. 200, 206 (2006), affd. 521 F.3d 1289 (10th Cir. 2008). Respondent met his burden of production by presenting evidence that petitioner paid no estimated tax for 2005 and provided the same services to ACI the previous year but filed no income tax return for the previous year. Petitioner has not argued that any of the statutory exceptions apply. See Bagby v. Commissioner, supra at 613. Therefore, the addition to tax under section 6654(a) is sustained.

Section 6673 Penalty

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that the taxpayer has instituted or maintained the proceedings primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. Respondent has filed a motion to impose on petitioner a penalty under section 6673. On the basis of the record presented, the Court is convinced that petitioner's

position is frivolous. While petitioner is not an attorney, petitioner is a sophisticated individual who holds advanced degrees and has 4 years of experience as a municipal judge. Petitioner argued that he does not have citizenship in the State of Wisconsin or in the United States but he is a citizen of the "Republic of Wisconsin", an argument that this Court and other courts have consistently rejected. United States v. Hilgeford, 7 F.3d 1340 (7th Cir. 1993); United States v. Gerads, 999 F.2d 1255 (8th Cir. 1993); United States v. Sileven, 985 F.2d 962 (8th Cir. 1993); Bland-Barclay v. Commissioner, supra; Solomon v. Commissioner, supra. Petitioner's alternative argument that he did not "work" or provide "services" but instead exchanged his talents and property for tax-free payment has also been consistently found by this Court and other courts to be frivolous and without merit. United States v. Sloan, 939 F.2d 499, 500 (7th Cir. 1991); United States v. Connor, 898 F.2d 942, 943-944 (3d Cir. 1990); Lonsdale v. Commissioner, 661 F.2d 71, 72 (5th Cir. 1981), affg. T.C. Memo. 1981-122.

This opinion does not undertake to address petitioner's other frivolous arguments such as: The Form 1099-MISC reflecting his compensation is "unsworn to under bounds of perjury [sic] under the laws of either the United States of America, or the

United States";[4] the "'factual notion' that the payments received were 'income' and a basis of the actions taken by respondent have created a 'legal fiction based on color of law'"; that the Tax Court may not use other Tax Court cases as precedent; that "there is a difference between the United States (a Corporation created under the District of Columbia Organic Act of 1869) and the United States of America"; that the only applicable section of the Code authorizing tax petitioner's income is section 1.61-15, Income Tax Regs.; and that the terms "wages" and "compensation" are defined under other United States Code titles and are unrelated to income tax.

Petitioner made similar frivolous arguments before this Court and a penalty of $1,500 was imposed under section 6673(a). See Callahan v. Commissioner, T.C. Memo. 2007-301, affd. 334 Fed. Appx. 754 (7th Cir. 2009).[5] On appeal, the Court of Appeals for the Seventh Circuit affirmed this Court's decision and imposed a "presumptive" $4,000 sanction for filing a frivolous appeal.[6]

---

[4]Petitioner makes this argument while claiming that he is not a citizen of the United States.

[5]Perhaps this is the reason petitioner argues that the Tax Court may not use other Tax Court cases as precedent.

[6]See Callahan v. Commissioner, 334 Fed. Appx. 754, 755 (7th Cir. 2009) (where the Seventh Circuit imposed a "presumptive" $4,000 sanction for filing a frivolous appeal in a tax case), affg. T.C. Memo 2007-301; see also Szopa v. United States, 460 F.3d 884, 887 (7th Cir. 2006) (noting that "the presumptive award will be doubled for a recidivist litigator").

Therefore, this Court finds that petitioner was aware of the consequences of making frivolous arguments, yet he continued to assert them. The Court is also aware that the tax liability in this case without accrued interest is approximately $3,000. Accordingly, the Court grants respondent's motion in that it imposes on petitioner a $3,000 penalty pursuant to section 6673(a).

Finally, in reaching the conclusions herein, the Court has considered all arguments made, and to the extent not mentioned above, concludes they are moot, irrelevant, or without merit.

To reflect the foregoing, including respondent's concession,

<u>An appropriate order and decision will be entered</u>.