In the

# United States Court of Appeals

### For the Seventh Circuit

———————

No. 05-3579

BUDGET RENT-A-CAR SYSTEM, INC.,

*Plaintiff-Appellee,*

*v.*

CONSOLIDATED EQUITY LLC,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 1772—**William T. Hart**, *Judge.*

———————

SUBMITTED OCTOBER 13, 2005—DECIDED NOVEMBER 4, 2005

———————

Before POSNER, ROVNER, and SYKES, *Circuit Judges.*

POSNER, *Circuit Judge.* We ordered that sanctions be imposed on Consolidated Equity for this frivolous appeal, Fed. R. App. P. 38, and Budget has submitted a statement of its fees and costs. They are exorbitant. Because the appeal was dismissed before briefing, Budget's only appellate submission was a four-page jurisdictional memo that cites five cases. Budget claims that the memo cost $4,626.50 to produce (3.3 partner hours at $425 per hour and 10.4 associate hours at $310 per hour); for so modest a product, 13.7 hours of high-paid professionals' time are too many. Budget has also included in its statement of fees and costs

its fees for preparing its motion for sanctions and the statement of fees and costs itself—a total, again too high, of $4,354 (1.2 partner hours and 12.4 associate hours). It is inconceivable that this is the going market price for such exiguous submissions.

Budget's statement of costs, at $198.30, is also too high. Budget claims in an affidavit to have incurred a $165 "filing fee," but there is no fee in this court for filing a jurisdictional memorandum or a motion for sanctions, and the billing records reveal that the $165 was actually a fee for the admission of one of its attorneys to practice before this court. Budget's mischaracterization further undermines the credibility of its submissions.

A number of cases, though none under Rule 38 of the Federal Rules of Appellate Procedure, which governs the award of sanctions for misconduct in federal appellate proceedings, authorize the denial of an otherwise warranted request for an award of fees because the request is for an exorbitant amount. *Vocca v. Playboy Hotel of Chicago, Inc.*, 686 F.2d 605, 607-08 (7th Cir. 1982) (per curiam); *Brown v. Stackler*, 612 F.2d 1057 (7th Cir. 1980); *Peter v. Jax*, 187 F.3d 829, 837-38 (8th Cir. 1999); *Fair Housing Council of Greater Washington v. Landow*, 999 F.2d 92, 96-97 (4th Cir. 1993) (accepting contention "that a district court has the discretion to deny a request for attorneys' fees in its entirety when the amount of the request is 'grossly excessive' "); *Lewis v. Kendrick*, 944 F.2d 949, 957-58 (1st Cir. 1991) (on rehearing). When abatement is sought for a sanction based on Rule 11 of the Federal Rules of Civil Procedure, we held in *Frantz v. U.S. Powerlifting Federation*, 836 F.2d 1063, 1065-66 (7th Cir. 1987), that the district court must award two separate sanctions. They may cancel out but the district court must explain each sanction and its effect on the other one so that

each party's wrongful act is punished. See also *In re Central Ice Cream Co.*, 836 F.2d 1068, 1074-75 (7th Cir. 1987). But this rule is based on the fact that when *Frantz* was decided Rule 11 provided that the district court "shall impose an . . . appropriate sanction" for misconduct specified by the rule, *Brown v. Federation of State Medical Boards*, 830 F.2d 1429, 1434 n. 1 (7th Cir. 1987), whereas, as noted in *Frantz*, 836 F.2d at 1065, the statute at issue in our earlier case of *Brown v. Stackler*, *supra*—42 U.S.C. 1988—uses "may" rather than "shall, "and so does Rule 38 of the appellate rules. When an award of fees is permissive, denial is an appropriate sanction for requesting an award that is not merely excessive, but so exorbitant as to constitute an abuse of the process of the court asked to make the award.

Our previous order granting the motion to award fees and costs is VACATED and the motion DISMISSED.

A true Copy:

     Teste:

                                _____

                                *Clerk of the United States Court of Appeals for the Seventh Circuit*