**Ruthe G. OHRMAN, Petitioner—Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.**

No. 04–70592.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2005.*

Decided Dec. 8, 2005.

Steven B. Hval, Esq., O'Connell, Goyak and Di Lorenzo, Portland, OR, for Petitioner–Appellant.

Charles S. Casazza, Washington, DC, for Respondent–Appellee.

Before: GRABER and RAWLINSON, Circuit Judges, and OTERO,** District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable S. James Otero, United States District Judge for the Central District of California, sitting by designation.

MEMORANDUM \*\*\*

1. The Tax Court did not clearly err in denying Ruthe G. Ohrman innocent spouse relief under I.R.C. § 6015(c). The evidence supported the finding that the principal purpose of the asset transfers made under the Ohrmans' legal separation agreement was to avoid taxes or payment of taxes. *See Guth v. Comm'r,* 897 F.2d 441, 443 (9th Cir.1990) (stating the clear error standard of review under a predecessor statute).

2. The Tax Court did not fail to give full faith and credit to the state court judgment, as the Tax Court decision neither questioned the validity of the Ohrmans'

legal status nor sought to negate the asset transfer. *See Southeast Res. Recovery Facility Auth. v. Montenay Int'l Corp.,* 973 F.2d 711, 714 (9th Cir.1992) (holding that federal court violated full faith and credit when it ignored the state court judgment and reexamined arguments previously considered and rejected by the state court).

AFFIRMED.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.