UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted November 2, 2006*
Decided November 6, 2006

Before

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** DIANE P. WOOD, Circuit Judge

| | |
|---|---|
| No. 06-2292 | Appeal from the United States Tax Court. |
| MICHAEL W. ALLEN,<br>    *Petitioner-Appellant*, | |
| *v.* | No. 20970-03<br>Diane L. Kroupa, *Judge*. |
| COMMISSIONER OF INTERNAL REVENUE,<br>    *Respondent-Appellee*. | |

**Order**

From 1999 through 2001 Michael Allen received income for his services as Vice-Chairman of the Lac Du Flambeau Band of Lake Superior Chippewa Indians and executive director of the Great Lakes Intertribal Council. Allen omitted this income from his tax returns for 1999 and 2000; although he reported it on his 2001 return, he also claimed an unexplained adjustment of about the same amount. The Internal Revenue Service concluded that Allen owed substantial taxes for these years, plus interest and penalties for the returns' inaccuracy. Allen contested these determinations in the Tax Court, which sided with the Commissioner and ordered Allen to pay a total approximating $50,000.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Allen harps on the fact that the Band and the Council are non-taxable entities as a result of both treaties and legislation. The question is not, however, whether the Band or the Council owes federal taxes. It is whether Allen owes tax on income he received *from* those entities. A state government need not pay any tax to the federal government, but all state employees must pay federal tax on their own incomes. So it is with churches (ministers must pay tax on their stipends), universities (professors must pay tax on their salaries)—and Indian tribes. See, e.g., *Squire v. Capoeman*, 351 U.S. 1, 6 (1956); cf. *Oklahoma Tax Commission v. Chickasaw Nation*, 515 U.S. 450, 466–67 (1995). Long ago a government's tax immunity was thought to shield its employees' income as well. See *Collector v. Day*, 11 Wall. 113 (1871). That is true no more; today the principle is neutrality. See *Graves v. New York ex rel. O'Keefe*, 306 U.S. 466 (1939). Thus, for example, states may tax the income of federal employees, but only at the same rates applied to their own employees' income. See 4 U.S.C. §111; *Jefferson County v. Acker*, 527 U.S. 423 (1999).

So clear is the taxability of every employee's income, without regard to the tax status of the employer, that a suspicion naturally arises that Allen is engaged in tax evasion. He has been told frequently—and now (given this order) definitively—that employers' tax-free status does not apply to employees' income. Allen should count himself lucky that these are civil rather than criminal proceedings and that the Commissioner has not requested sanctions. See *Szopa v. United States*, 453 F.3d 455, after reconsideration, 460 F.3d 884 (7th Cir. 2006). Allen will not be so fortunate if he repeats this line of argument for any future tax year. He cannot be under any continuing doubt or confusion about his legal obligations.

Allen's remaining arguments have been considered but do not require discussion.

AFFIRMED