NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 6, 2006[*]
Decided March 6, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2294

| | |
|---|---|
| MICHAEL L. KATHREIN, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | No. 04 C 7324 |
| MICHAEL P. MONAR, *Defendant-Appellee.* | David H. Coar, *Judge.* |

**O R D E R**

For a fourth time Michael Lee Kathrein asks us to get involved in matters arising from the juvenile antics he has inflicted upon his ex-wife's current husband, Michael Monar. *See Kathrein v. McGrath,* 166 F.App'x 858 (7th Cir. 2006) (unpublished order) (detailing Kathrein's conduct and three prior appeals). Kathrein now appeals from the district court's post-judgment order granting Rule

---

[*]This successive appeal has been submitted to the same panel that heard the original appeal. *See* Operating Procedure 6(b). After examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

11 sanctions against him. Because the district court properly determined that sanctions were appropriate but did not properly calculate the amount of the award, we affirm the imposition of sanctions but vacate the award and remand to the district court for recomputation.

The matter before us is a holdover from one of Kathrein's prior appeals. In 2004 Kathrein filed a lawsuit under 42 U.S.C. § 1983, claiming that Monar, Monar's attorneys, and the Illinois judges assigned to Monar's state-court action against Kathrein conspired to deprive him of his right to a fair trial in the state-court proceedings. Monar moved to dismiss the suit and also moved for sanctions. *See* Fed. R. Civ. P. 11. In his Rule 11 motion, Monar claimed that: "the real reason for [Kathrein's] action is to harass Monar, unreasonably increase his litigation costs and to avoid unfavorable decisions before the state court judge who was then assigned to his case." He pointed to Kathrein's litigiousness—at that time Kathrein had filed three lawsuits against him, including the § 1983 suit—and the fact that Kathrein had filed the federal action three days prior to a hearing on Monar's motion for sanctions against Kathrein in the state-court proceeding. Monar said that the timing of Kathrein's filing was designed to delay the proceedings in state court and avoid further ruling from Brigid McGrath, the first state-court judge that Kathrein named as a defendant in the federal suit. Indeed, as a result of the allegations, Judge McGrath recused herself. Monar's state-court case was reassigned to another judge, Paddy McNamara, who subsequently held Kathrein in contempt of court and sanctioned him. In response, Kathrein promptly amended his complaint in the federal action to add Judge McNamara as a defendant. The district court denied Monar's motion for sanctions without prejudice pending its decision on the defendants' motions to dismiss.

After the district court dismissed Kathrein's § 1983 claim as to all defendants but before we rendered our decision in *Kathrein*, 166 F.App'x 858, Monar renewed his Rule 11 motion, requesting over $62,000 in attorney's fees and costs. This time the district court granted Monar's motion. The court first noted that Kathrein's federal suit was "just another chapter in an ongoing saga" between Kathrein and Monar. The court then found that Kathrein had admitted to Monar's attorney that the purpose of his federal suit was to run up Monar's legal fees. The court also determined that Kathrein had used the federal courts to harass his opponents as evidenced by his repeated requests that Judge McNamara recuse herself after he named her as a defendant in the federal suit. As a sanction, the district court ordered Kathrein to pay Monar's attorneys' fees and costs of $56,858.15, explaining that it had reduced the award to account for charges unrelated to the federal litigation.

On appeal Kathrein challenges both the district court's decision to impose sanctions as well as the amount of the award. We review all aspects of the district

court's award of Rule 11 sanctions for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *Cuna Mut. Ins. Soc'y v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006).

Rule 11 permits a district court to impose sanctions on litigants who present pleadings to the court "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11(b)(1); *Vollmer v. Selden*, 350 F.3d 656, 659 (7th Cir. 2003). In exercising its discretion under Rule 11, the district court focused on Kathrein's statement to Monar's attorney that he initiated the federal suit to increase Monar's legal fees. Although Kathrein now denies making that statement, he did not do so in the district court even though he filed over 30 pages of documents contesting Monar's Rule 11 motion. He therefore waived this point. *See Williams v. REP Corp.*, 302 F.3d 660, 666 (7th Cir. 2002). Thus the district court did not abuse its discretion when it granted sanctions in Monar's favor. *See Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003) (explaining that district court generally abuses its discretion only "when no reasonable person could have taken the same view it adopted").

The district court erred, however, in determining the amount of the award. Rule 11 authorizes the district court to award reasonable attorneys' fees as a sanction. Fed. R. Civ. P. 11(c)(2); *Divane*, 319 F.3d at 320. We have instructed that a court asked to award sanctions must consider not only the reasonableness of the requested fee but the reasonableness of the time expended on the litigation by the prevailing party. *See Szopa v. United States*, 460 F.3d 884, 886 (7th Cir. 2006); *Budget Rent-A-Car Sys., Inc. v. Consol. Equity LLC*, 428 F.3d 717, 718 (7th Cir. 2005). So counsel must correlate "his response, in terms of hours and funds expended, to the merit of the claims." *Dubisky v. Owens*, 849 F.2d 1034, 1037 (7th Cir. 1988).

The time expended by Monar's attorneys, Schuyler, Roche & Zwirner (SRZ), on this litigation was not reasonable. SRZ expended approximately 200 hours at over $300 an hour on a case that was dismissed on the pleadings. For that effort, they prepared seven filings: a motion for extension of time to answer or otherwise plead, two nearly identical motions to dismiss, a response to Kathrein's opposition to the motions to dismiss, a motion for sanctions, a renewed motion for sanctions, and a petition for fees and costs. According to SRZ, it took 74.7 hours, or $19,481, to prepare the documents responsive to Kathrein's complaint and 116.3 hours, or $34,310, to prepare the motions for sanctions and fee petition. We have instructed that 57.5 hours, or $8,000, to defend a frivolous suit (albeit on appeal) is unreasonable, *see Szopa*, 460 F.3d at 887, and 13.7 hours, or $4,354, to prepare a single filing is "too high," *see Budget Rent-A-Car Sys., Inc.*, 428 F.3d at 718. If 13.7 hours is too much for one filing then 191 hours is too much for seven.

Although we have not articulated a clear rule for determining an award of attorneys' fees under Rule 11, it is clear that the fees claimed by SRZ are beyond any amount that we have said is reasonable. *See, e.g., Divane*, 319 F.3d at 320 (finding 64.25 hours at $150 an hour, or $9,637, reasonable for preparing fee petition stemming from protracted litigation). Thus even though the district court properly reduced SRZ's fees to account for time not devoted to the federal action, *see Divane v. Krull Elec. Co.,* 200 F.3d 1020, 1030 (7th Cir. 1999) (explaining that award of attorneys' fees is limited to those fees that "directly result from a party or attorney's sanctionable conduct"), it still must fashion an award based upon an appropriate amount of time to defend Monar against Kathrein's federal suit. Accordingly, we AFFIRM the decision of the district court to impose sanctions. But because we find the amount of the sanction inappropriate, we VACATE the award of attorneys' fees and costs and REMAND to the district court to reconsider the amount of the sanction.

Finally, we note that we have once before addressed the remaining issue raised by Kathrein in this appeal, *see Kathrein*, 166 F.App'x at 863-64 (advising that argument concerning entitlement to present criminal allegations to grand jury is frivolous), and warn him that if he continues to pursue that issue before this court he will face sanctions here as well.