NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 16, 2007*
Decided May 16, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-4418

| | |
|---|---|
| STEVEN E. BORCHERT, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, Lafayette Division |
| *v.* | No. 4:06-cv-140 |
| UNITED STATES OF AMERICA, *Defendant-Appellee.* | Allen Sharp, *Judge.* |

## O R D E R

Steven and Helen Borchert did not file federal income tax returns for 2001, 2002, 2003, or 2004. In 2006 the Internal Revenue Service issued four summonses to two banks for financial records relating to the Borcherts and two businesses in which they have an interest. The Borcherts received notice, *see* 26 U.S.C. § 7609(a), and petitioned to quash the summonses, *see id.* § 7609(b)(2). The district judge

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

rejected the Borcherts' various arguments and denied their motion.  Only Steven Borchert appeals.[2]

As he did in the district court, Borchert maintains that because he is not "engaged in the administration or enforcement of the income tax laws" he is not part of the "class of persons" that the IRS may use a third-party summons to investigate.  According to Borchert, the IRS may investigate only its own personnel and not "any person," as 26 U.S.C. § 7602(a) provides, else it would violate the Fourth Amendment.

Borchert is wrong; "[f]or the purpose of . . . determining the liability of *any person* for any internal revenue tax . . . the Secretary is authorized . . . [t]o summon . . . any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax."  26 U.S.C. § 7602(a) (emphasis added); *see United States v. Ins. Consultants of Knox, Inc.*, 187 F.3d 755, 759 (7th Cir. 1999).  Borchert insists that we disregard § 7602 because the Internal Revenue Code has not been enacted as positive law, but it has, *see Tax Analysts v. IRS*, 214 F.3d 179, 183 n.1 (D.C. Cir. 2000).  And the Supreme Court held long ago that the IRS's power to issue a third-party summons does not violate the Fourth Amendment rights of the person investigated.  *See Donaldson v. United States*, 400 U.S. 517, 522 (1971).  As long as the summons was issued in good faith—and Borchert has never contended that it was not—it must be enforced.  *See United States v. Stuart*, 489 U.S. 353, 359-60 (1989); *United States v. Powell*, 379 U.S. 48, 57-58 (1964).

Borchert also renews his contention that the IRS may collect tax only on income derived from a "revenue stream that is internally connected with the federal government."  His argument is patently frivolous, and was rejected in a published opinion more than twenty years ago.  *See Motes v. United States*, 785 F.2d 928, 928 (11th Cir. 1986) (per curiam).  The Sixteenth Amendment plainly authorizes Congress to collect taxes on income "from whatever source derived," U.S. Const. Amend. XVI; *see Lovell v. United States*, 755 F.2d 517, 519 (7th Cir. 1984).

---

[2] Steven Borchert signed the notice of appeal on behalf of both himself and his wife.  The rules of procedure allowed this preliminary step, *see* Fed. R. App. P. 3(c)(2), but Steven Borchert is not a lawyer and cannot represent Helen Borchert in this appeal.  *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (per curiam); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001) (per curiam).  Since she did not sign his brief or file one of her own, we have dismissed her from the appeal.

The government asks that we sanction Borchert for abusing the judicial process by filing a frivolous appeal. *See* Fed. R. App. P. 38. We have set $4,000 as the presumptive penalty for a frivolous tax-protestor case, *see Szopa v. United States*, 460 F.3d 884, 887 (7th Cir. 2006), and we agree with the government that this sanction is appropriate here. *See Ins. Consultants of Knox,* 187 F.3d at 761-62 (sanctions warranted where tax protestor "made no attempt whatsoever to explain why we should reverse almost a century of caselaw").

Accordingly, we AFFIRM the judgment of the district court and GRANT the government's motion for sanctions in the amount of $4,000.