T.C. Summary Opinion 2008-123

UNITED STATES TAX COURT

STEVEN F. OHRMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9541-07S.                Filed September 16, 2008.

<u>Michael C. Wetzel</u>, for petitioner.

<u>Kelley A. Blaine</u>, for respondent.

KROUPA, <u>Judge</u>:  This case was heard pursuant to the

provisions of section 7463[1] of the Internal Revenue Code in

effect at the time the petition was filed.  Pursuant to section

7463(b), the decision to be entered is not reviewable by any

_____

[1]All section references are to the Internal Revenue Code in
effect for the years at issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure, unless otherwise
indicated.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioner's Federal income tax of $11,447 for 2002, $12,687 for 2003, and $15,600 for 2004. (Tax years 2002, 2003, and 2004 will be referred to as the years at issue.) After concessions,[2] the issues for decision are:

(1) Whether petitioner is eligible for married filing jointly status for 2002 if he resided in the same household as his spouse, from whom he was legally separated. We hold that he is not.

(2) Whether petitioner is entitled to deduct payments he made to his legally separated spouse as alimony if he continued to reside in the same household as his spouse during the years at issue. We hold that he is not.

(3) Whether petitioner is entitled to various deductions for expenses reported on Schedule A, Itemized Deductions, for 2002 that petitioner's legally separated spouse made for mortgage interest, real estate taxes, a charitable contribution, and tax preparation fees. We hold that he is not.

---

[2]Respondent conceded that petitioner was not liable for sec. 6662 accuracy-related penalties for negligence for 2002, 2003, and 2004, the years at issue.

(4) Whether petitioner is entitled to claim dependency exemptions for his legally separated spouse and her grandniece for 2002. We hold that he is not.

(5) Whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file a return timely. We hold that he is not.

## Background

The parties submitted this case fully stipulated under Rule 122. The stipulation of facts and the accompanying exhibits are incorporated by this reference, and the facts are so found. Petitioner resided in Oregon at the time he filed the petition.

Petitioner and his spouse signed a Stipulated Judgment for Unlimited Separation (legal separation agreement) in June 2001 citing irreconcilable differences. The legal separation agreement required petitioner to convey to his spouse his interest in their personal residence, an individual retirement account (IRA), a 401(k) account, and an automobile. The legal separation agreement also provided that petitioner would pay his spouse certain amounts as spousal support, which were designated as tax deductible alimony and which terminated at the death of either party. Petitioner paid his spouse spousal support of $65,000 in 2002, $40,000 in 2003, and $48,000 in 2004.

Petitioner and his spouse continued to reside together after their legal separation at the residence that petitioner's spouse received under the legal separation agreement until his spouse sold the residence on June 10, 2002. The two then rented a room together in a hotel from June 21 until July 15, 2002, when petitioner's spouse purchased a new residence, and the two moved there together. They lived there until at least December 31, 2004.

Petitioner filed Federal income tax returns for the years at issue as an unmarried individual and claimed alimony deductions for spousal support paid to his spouse under the legal separation agreement per section 1(c). Respondent examined the returns and proposed adjustments disallowing the claimed alimony deductions because the Ohrmans resided together despite their legal separation.

Petitioner and his spouse subsequently prepared amended returns, however, for the years at issue attempting to elect married filing joint status. Petitioner claimed no alimony deductions on the amended returns for any of the years at issue. Instead, petitioner sought to deduct on the joint return for 2002 amounts his spouse had paid, such as $7,952 in property taxes, $21,666 in mortgage interest, a $200 charitable contribution, and tax preparation fees. His spouse had also claimed a minor child,

her grandniece, known as KAL,[3] as a dependent on the return she had previously filed for 2002, and petitioner and his spouse claimed the same child as a dependent on the joint return.

Respondent considered the amended returns and issued a deficiency notice to petitioner regarding the amended return filed with his spouse for 2002 and his original returns for 2003 and 2004, on which he filed as a single individual. Respondent determined deficiencies for each of the years at issue, disallowing joint filing status, the deductions for expenses his spouse paid, and the dependency exemptions for his spouse and her grandniece for 2002. Respondent also disallowed the deductions for alimony for 2003 and 2004 and determined an addition to tax for 2002. Petitioner filed a timely petition to contest the determinations in the deficiency notice.

## Discussion[4]

We are asked to address five issues regarding the filing status and the category of expenses paid by a legally separated couple who continued to live together after their separation. We

---

[3]The Court uses the initials of minor children. Rule 27(a)(3).

[4]We note that petitioner's spouse, Ruthe Ohrman, is no stranger to this Court. See Ohrman v. Commissioner, T.C. Memo. 2003-301, affd. 157 Fed. Appx. 997 (9th Cir. 2005). The holding in that case, which involved innocent spouse relief, is not inconsistent with our holding.

first address petitioner's proper filing status for the years at issue.

<u>Joint Filing Status</u>

A husband and wife may elect to file jointly. Sec. 6013(a). An individual who is legally separated from his or her spouse under a decree of divorce or of separate maintenance shall not be considered married, however. Secs. 6013(d)(2), 7703(a)(2). We look to State law to determine whether the taxpayer is "legally separated" as of the end of the year. Under Oregon law, a judgment for a permanent and unlimited separation may be rendered when irreconcilable difference between the parties have caused the irremediable breakdown of the marriage. Or. Rev. Stat. sec. 107.025(1) (2007). Oregon law does not require, however, that the spouses live apart before or after a court renders a judgment for permanent and unlimited separation. See Or. Rev. Stat. sec. 107.025(2) (2007).

Petitioner and his spouse signed the legal separation agreement in 2001. The legal separation agreement is a decree of legal separation. It is of unlimited duration and specifies irreconcilable differences as a jurisdictional basis. Accordingly, petitioner and his spouse were no longer eligible to file jointly during the years at issue. We therefore sustain respondent's determination that petitioner's filing status was single.

Alimony

We turn next to whether petitioner may deduct spousal maintenance payments he made to his spouse in 2003 and 2004 even though they continued to live together.

It is a well-settled principle that tax deductions are a matter of legislative grace, and taxpayers must show that they come squarely within the terms of the law conferring the benefit sought. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Allen v. Commissioner, T.C. Memo. 2006-11, affd. 204 Fed. Appx. 564 (7th Cir. 2006). Alimony or separate maintenance payments are generally deductible from income by the payor and includable in the income of the payee. Secs. 61(a)(8), 71(a), 215(a) and (b).

The payments must meet certain requirements to be deductible, however. See secs. 71, 215. The parties agree that the payments satisfy all requirements of section 71(b)(1)[5] except that the payee spouse and the payor spouse may not be members of the same household at the time the payment is made. Sec.

---

[5]The other requirements are that the payments be in cash, be received by a spouse under a divorce or separation instrument that does not designate the payments as not deductible, and terminate at the death of the payee spouse. Sec. 71(b)(1)(A), (B), and (D). The legal separation agreement between petitioner and his spouse stated that the cash payments were deductible to petitioner and terminated upon his spouse's death, as required by sec. 71(b)(1)(A), (B), (D).

71(b)(1)(C). Petitioner argues that the same-household prohibition applies only if the parties are legally separated under a decree of separate maintenance, not a legal separation agreement. Petitioner argues that the legal separation agreement he signed with his spouse is not a decree of separate maintenance because it fails to require the parties to live apart in the future. We disagree. Petitioner relies upon several cases, unlike his own, in which the husband and wife had signed a temporary separation agreement but continued to live together. Petitioner and his spouse were legally separated under a decree of separate maintenance according to Oregon law, and they lived together. Accordingly, we sustain respondent's determination that petitioner may not deduct alimony or separate maintenance payments to his spouse during the years at issue.

Real Property Taxes and Mortgage Interest Deduction for 2002

We next address whether petitioner may deduct payments for real estate taxes and home mortgage interest that his spouse made, not petitioner. A taxpayer may deduct real property taxes for the year in which they are paid or accrued. Sec. 164(a)(1). A taxpayer may also deduct mortgage interest payments. Sec. 163. The mortgage must be the obligation of the taxpayer claiming the deduction, however, not the obligation of another, for the mortgage interest to be deductible by that taxpayer. Golder v. Commissioner, 604 F.2d 34, 35 (9th Cir. 1979), affg. T.C. Memo.

1976-150; <u>Jones v. Commissioner</u>, T.C. Memo. 2006-176.  Petitioner is not entitled to deduct any amounts for the real property taxes or mortgage interest payments, which he did not pay and for which he was not legally responsible.  We therefore sustain respondent's determinations to disallow petitioner deductions for these expenses.

Charitable Contribution Deduction for 2002

Petitioner also may not deduct a charitable contribution that his spouse made.  A taxpayer may deduct charitable contributions made in the taxable year.  Sec. 170.  Accordingly, we sustain respondent's determination denying petitioner a charitable contribution deduction.

Tax Preparation Fees for 2002

We next address whether petitioner may deduct tax preparation fees his spouse incurred to prepare a return for 2002.  It is well established that fees incurred in the preparation and determination of Federal taxes may be deductible. Sec. 212.  Petitioner is not entitled to this deduction, however, because his spouse incurred the expense and they were not entitled to file a joint return.  Accordingly, we sustain respondent's determination denying petitioner any tax preparation fees.

Dependency Exemption for 2002

The next issue we decide is whether petitioner is entitled to claim his spouse and her grandniece, KAL, as dependents on the return petitioner filed for 2002. Petitioner and his spouse were legally separated as of 2001. Thus, petitioner is not entitled to a dependency exemption for his spouse because they were legally separated and could not file jointly.

Petitioner presented no evidence of his relationship to KAL, and he provided no evidence to support that he was entitled to an exemption for her. His spouse originally claimed KAL as a dependent on the single return she filed. Thus, we sustain respondent on this issue and hold that petitioner is not entitled to claim his spouse or KAL as a dependent.

Addition to Tax

Respondent determined petitioner was liable for an $18.05[6] addition to tax under section 6651(a)(1) for failure to file a return timely for 2002. Section 6651(a)(1) provides for an addition to tax for failure to file a tax return on or before the specified filing date. Respondent bears the burden of production with respect to the addition to tax. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet this burden, respondent must produce sufficient evidence that it is

_____

[6]The flush language at the end of sec. 6651(a) provides a minimum of $100 for a sec. 6651(a)(1) addition to tax. There is no explanation in the record why this does not apply.

appropriate to impose the addition to tax.  See <u>Higbee v.</u>
<u>Commissioner</u>, <u>supra</u> at 446-447.  Neither respondent nor
petitioner addressed the issue on brief, and there is no
information in the record indicating when petitioner filed the
return for 2002.  Accordingly, we find that respondent did not
meet his burden of production and therefore find that petitioner
is not liable for the late filing addition for 2002.

<u>Conclusion</u>

We sustain respondent's determinations except with respect
to the addition to tax under section 6651(a)(1).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.