**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 16, 2010[*]
Decided December 16, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-2150

|  |  |
|---|---|
| BETTIE PULLEN-WALKER,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division. |
| *v.* | No. 09 C 5426 |
| ROOSEVELT UNIVERSITY, et al.,<br>    *Defendants-Appellee*s. | John W. Darrah,<br>*Judge*. |

**O R D E R**

Bettie Pullen-Walker filed this breach-of-contract suit against Roosevelt University, the university's Board of Trustees, and several of its current and former employees. Pullen-Walker claims that the defendants breached an implied contract governing the terms of her enrollment when the university expelled her from a doctoral program in 2001. Her latest action, the seventh in a series of suits arising from the expulsion, was brought in state court but removed by the defendants on the asserted basis that it states a federal claim under Title

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

IX of the Education Amendment Act of 1972, *see* 20 U.S.C. § 1681(a).  The defendants then moved to dismiss the complaint on the ground of claim preclusion.  The district court granted the motion, and Pullen-Walker appeals, arguing that the defendants improperly removed the suit.

Pullen-Walker fashioned her complaint as a "refiling" of a breach-of-contract action she brought in state court against the same defendants in 2005.  The defendants had removed that case, too, but after concluding that the complaint raised no federal question, the district court remanded the suit to state court, where Pullen-Walker voluntarily dismissed it.  The current complaint, captioned "Plaintiff's complaint filed within one year of voluntary dismissal," is Pullen-Walker's attempt to resurrect her 2005 case; it uses the same case number as the 2005 complaint, and over the course of its 15 pages alleges the same factual details and legal theories, which boil down to a claim that Pullen-Walker was denied the benefits of an implied contract when the university expelled her on false charges, after a sham investigation, and in violation of its own policies.  The complaint identifies two Illinois statutes as providing a cause of action, *see* 735 ILL. COMP. STAT. 5/13-207; 815 ILL. COMP. STAT. 505/1, and refers repeatedly to Illinois contract law and, more broadly, the contractual relationship between a university and its students.  The only reference to federal law comes on page eight, and reads as follows:

> Congress enacted legislation (1972) for protection of students rights in education across levels that requires institutions to abide by the policy or standards they themselves establish.  This mandate differs from the Supreme Court ruling which only addresses the rights of women in education.  The enactment by Congress states in relevant part:
>
> > No person in the United States shall on the basis of sex be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal assistance.  20 U.S.C. § 1681 et seq.
>
> 20.  Always facing the vagaries of society based on gender, race, and age, the plaintiff has persisted in this legislation with faith that this ideal will stand, and to preserve a cherished legacy as an alumnae of the university.  The plaintiff has endured with faith that justice will prevail.

On the basis of this language alone, the defendants removed the action to district court.  The notice of removal asserts that Pullen-Walker claims discriminatory expulsion under 20 U.S.C. § 1681(a).  Pullen-Walker disputed that contention in a motion to remand, which she mislabeled as a "motion to answer defendants' reply."  She explained that she

meant for her suit to be a refiling of her 2005 complaint, which raises no federal issue, only a state-law contract claim. The district court *granted* the motion in a brief minute order without mentioning subject-matter jurisdiction or giving effect to the substance of the document, which concludes with Pullen-Walker's request that the district court "grant Remand" to the state court. In a later decision the district court addressed the merits and granted the defendants' motion to dismiss on the basis of res judicata.

Pullen-Walker maintains on appeal that her case belongs in state court. Although she admits to raising Title IX claims in previous suits, she insists that this action involves no federal question, and is simply a refiling of her 2005 breach-of-contract claim, which, she notes, was deemed by a federal court to sound only in state law.

Congress authorizes the removal of any civil action brought in state court over which federal courts have original jurisdiction. *See* 28 U.S.C. § 1441(a); *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 427 (7th Cir. 2009). When the asserted basis of removal is a federal question, 28 U.S.C. § 1331, the complaint must establish that federal law creates a right to relief or that a right to relief turns on the resolution of a federal question. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10-11 (1983); *Hart v. Wal-Mart Stores, Inc., Assoc. Health and Welfare Plan*, 360 F.3d 674, 678 (7th Cir. 2004). The federal ground asserted to establish jurisdiction must be more than incidental to a state-law claim, *see The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913); *Johnson v. Orr*, 551 F.3d 564, 570 (7th Cir. 2008); *Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003), and the incantation of a federal statute will not automatically trigger federal jurisdiction, *see Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917-18 (5th Cir. 2001); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343-44 (9th Cir. 1996).

The removal of Pullen-Walker's complaint was improper, and the district court erred in not remanding the lawsuit to state court. A reasonable reading of the complaint confirms that this is a contract dispute with no basis in federal law. The complaint is devoted exclusively to the factual details surrounding the alleged breach: the manufactured violations of the conduct code, the sham investigation, the arbitrary expulsion. The breach-of-contract claim neither incorporates an element of federal law nor turns on the resolution of a federal question. The mention of Title IX is fleeting, vague, and untethered from facts that could support a finding of discrimination. At most the reference is an appeal to public-policy principles embodied by the statute, but that is not the same as invoking the provision as a right to relief. *See Rains*, 80 F.3d at 343-44 (explaining that complaint drawing on federal statute as a source of public policy did not raise federal question).

Had Pullen-Walker raised a federal issue, her complaint presumably would have bore closer resemblance to her two previous Title IX claims, in which the federal question

was conspicuous and well pleaded.  For instance, her fifth suit, a five-count complaint filed in federal court with the help of counsel, asserts early on that the suit seeks relief under Title IX for discriminatory expulsion, and identifies as one of the counts "violation of Title IX." Complaint at 15, *Pullen-Walker v. Roosevelt Univ.,* 2006 WL 1843364 (N.D. Ill. June 28, 2006). Likewise with her sixth suit, a pro se action filed in federal court, which asserts that "the federal question arises in this case against discrimination by Roosevelt University," and goes on not only to cite Title IX, but to allege facts supporting a violation of the statute, specifically "discrimination based on sex justified by manufacturing a false . . . sexist charge."  Complaint at 2, *Pullen-Walker v. Roosevelt Univ.*, No. 08 C  2299, (N.D. Ill. May 8, 2008).  Contrast the complaint in this case, which focuses exclusively on her contractual relationship with the university, which contains only a passing reference to Title IX, and which fails to draw a nexus between the federal statute and an allegation of discrimination.

We VACATE the judgment of the district court and REMAND with instructions that the case be remanded to state court.