NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 30, 2010[*]
Decided December 21, 2010

## Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 10-2563 <br><br> STEVEN C. DENK, <br>     *Plaintiff-Appellant*, <br><br> *v.* <br><br> UNITED STATES OF AMERICA, <br>     *Defendant-Appellee*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 09 C 5891 <br> Charles R. Norgle, *Judge*. |

## Order

The Internal Revenue Service notified Steven Denk that he owes $1.2 million in taxes. The notice told Denk that he could contest this assessment in the Tax Court, or that he could pay and sue for a refund in a United States District Court. Denk did not take either option. Without paying, he filed this suit in district court—not against the United States (the right defendant in a suit seeking a refund), but against the Commissioner of Internal Revenue and eight of the Commissioner's subordinates. The complaint makes several tax-protest arguments, such as that Congress is powerless to tax incomes of natural persons and that the defendants have violated the Constitution by refusing to con-

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

cede that their collection efforts are unlawful. Denk asked the judge to enjoin the defendants from trying to enforce the Internal Revenue Code against him.

The United States filed a certificate under the Westfall Act, 28 U.S.C. §2679(b)(2), (d), and the district court substituted the United States as the defendant, which explains the caption on this order. The substitution requires the litigation to proceed under the Federal Tort Claims Act, which, because it does not cover any claim related to the "assessment or collection of any tax," 28 U.S.C. §2680(c), does not offer Denk any prospect of success. He would prefer to retain the individual defendants, but they are not proper parties. Denk wants to proceed under the implied remedy recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), but we held in *Cameron v. IRS*, 773 F.2d 126 (7th Cir. 1985), that *Bivens* does not displace the elaborate statutory system for litigating claims related to taxation. Accord, *Adams v. Johnson*, 355 F.3d 1179 (9th Cir. 2004); *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401 (4th Cir. 2003); *Shreiber v. Mastrogiovanni*, 214 F.3d 148 (3d Cir. 2000); *Dahn v. United States*, 127 F.3d 1249 (10th Cir. 1997); *Vennes v. Unidentified Agents*, 26 F.3d 1448 (8th Cir. 1994); *McMillen v. Department of the Treasury*, 960 F.2d 187 (1st Cir. 1991). These decisions implement the Supreme Court's directive that courts not use *Bivens* to circumvent limitations integral to statutory systems for contesting particular kinds of administrative action. See, e.g., *Hui v. Castaneda*, 130 S. Ct. 1845 (2010); *Wilkie v. Robbins*, 551 U.S. 537 (2007).

The Internal Revenue Service told Denk where, and how, to contest the agency's view of Denk's tax obligations. By choosing to disregard that advice, Denk ensured that his suit had no chance of success. A federal district court lacks jurisdiction to review unpaid tax assessments; to obtain review in a district court, Denk had to pay and sue for a refund. 28 U.S.C. §1346(a)(1); *Flora v. United States*, 362 U.S. 145, 177 (1960). What is more, the Tax Injunction Act, 26 U.S.C. §7421(a), bars the sort of prospective relief that Denk seeks.

Denk's appeal is frivolous. We give Denk 14 days to show cause why we should not impose a sanction of $4,000, the normal fine for frivolous tax-protest appeals. See *Szopa v. United States*, 460 F.3d 884, 887 (7th Cir. 2006). The judgment is affirmed, and an order to show cause is issued.