> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 28, 2012[*]
Decided August 29, 2012

*By the Court:*

No. 12-1071

| | |
|---|---|
| BETTIE PULLEN-WALKER | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| *v.* | Eastern Division. |
| EXECUTIVE COMMITTEE OF THE | |
| UNITED STATES DISTRICT COURT | No. 08 C 3498 |
| FOR THE NORTHERN DISTRICT OF | |
| ILLINOIS, | |
| | James F. Holderman, |
| *Defendant-Appellee.* | *Chief Judge.* |

### O R D E R

Bettie Pullen-Walker appeals from an order of the Executive Committee of the United States District Court for the Northern District of Illinois barring her from filing new civil cases without the Committee's leave. We affirm.

Pullen-Walker has filed seven civil cases stemming from her expulsion from Roosevelt University's graduate studies program. See *Pullen-Walker v. Roosevelt Univ.*, No. 04 C 3728 (N.D. Ill. filed May 28, 2004) (dismissed for failure to prosecute after Pullen-Walker failed to amend complaint), aff'd, No. 04-3456 (7th Cir. Nov. 4, 2004); *Pullen-Walker v. Roosevelt Univ.*, No. 04 C 3733 (N.D. Ill. filed May 28, 2004) (dismissed in light of pending appeal), *Pullen-Walker v. Roosevelt Univ.*, No. 05 C 3600 (N.D. Ill. filed June 20, 2005) (dismissed in light of pending appeal); *Pullen-Walker v. Roosevelt Univ.*, No. 2005 L 009440 (Cook Cnty., Ill., Cir. Ct. filed Aug. 29, 2005) (voluntarily dismissed); *Pullen-Walker v.*

---

[*]After examining the Appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. See FED. R. APP. P. 34(a)(2)(C).

*Roosevelt Univ.*, No. 05 C 5648 (N.D. Ill. filed Oct. 24, 2005) (dismissed on grounds of res judicata); *Pullen-Walker v. Roosevelt Univ.*, No. 08 C 2299 (N.D. Ill. filed Apr. 22, 2008) (dismissed as a refiling of the previous suit); *Pullen-Walker v. Roosevelt Univ.*, No. 2005 L 009473 (Cook Cnty., Ill., Cir. Ct. filed Aug. 11, 2009) (removed to federal court in *Pullen-Walker v. Roosevelt Univ.*, No. 09 C 5426, 2010 WL 652986 (N.D. Ill. Feb. 19, 2010), *vacated*, No. 10-2150, 405 F. App'x 46, 49 (7th Cir. 2010) (remanding to state court on ground that complaint did not raise federal question)). Pullen-Walker has persisted in filing new suits against the university despite the district court's conclusion in her 2005 suit that her claims are barred by res judicata.

In June 2008, the Executive Committee, citing Pullen-Walker's numerous duplicative filings, directed the clerk of the district court to return unfiled any papers submitted either by Pullen-Walker or on her behalf. The Committee modified this restriction a year later in an order permitting Pullen-Walker to file new civil actions only with leave of the court. In October 2009, in response to Pullen-Walker's continued frivolous filings, the Committee reinstated the 2008 order, directing the clerk to accept no filings from Pullen-Walker for another six months. The Committee renewed this order for an additional six months in September 2010 and then for a full year in December 2011 in response to Pullen-Walker's persistent requests seeking leave to file additional documents.

Pullen-Walker appeals the filing restriction, asserting generally that the Committee's order violates her constitutional rights to due process and access to the courts. But courts have ample authority to curb frivolous litigation through filing restrictions, see *In re Anderson*, 511 U.S. 364, 365–66 (1994); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995); *In re Davis*, 878 F.2d 211, 212 (7th Cir. 1989); *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008), and do not abuse their discretion so long as the restrictions imposed are narrowly tailored and do not bar the courthouse door entirely, see *In re Chapman*, 328 F.3d 903, 905–06 (7th Cir. 2003); *Support Sys. Int'l*, 45 F.3d at 186; *Miller v. Donald*, 541 F.3d 1091, 1096–98 (11th Cir. 2008). The Executive Committee's order here is not an absolute bar, because it explicitly permits Pullen-Walker to request its modification or rescission in December 2012, defend herself in criminal actions, file a habeas corpus petition or other extraordinary writ, or appeal to this court or the Supreme Court of the United States. See, *e.g.*, *Chapman*, 328 F.3d at 905; *Support Sys. Int'l*, 45 F.3d at 186. Moreover, the bar is narrowly tailored to Pullen-Walker's conduct because it was reinstated only when she persisted in her frivolous filings. See *Baum*, 513 F.3d at 188 (approving modification of filing injunction where litigant persisted in interfering with bankruptcy proceedings after initial injunction was issued); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1298–99 (11th Cir. 2002) (holding that district court properly broadened injunction in response to plaintiff's attempts to evade filing restrictions by filing complaints in non-judicial forums).

Pullen-Walker's remaining arguments are frivolous and do not merit discussion. Because Pullen-Walker's brief to this court demonstrates a continued need to curtail her filings, we warn her that her pursuit of any additional frivolous appeals may subject her to monetary sanctions in this court. See FED. R. APP. P. 38; *Szopa v. United States*, 460 F.3d 884, 887 (7th Cir. 2006); *Szopa v. United States*, 453 F.3d 455, 456 (7th Cir. 2006); *Ins. Co. of the W. v. Cnty. of McHenry*, 328 F.3d 926, 929 (7th Cir. 2003).

AFFIRMED.