NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 2, 2017[*]
Decided February 3, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 15-2052

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:13CR00052-001 |
| SCOTT BODLEY, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

Scott Bodley appeals from the judgment in a criminal case that ended his multi-year, obstreperous campaign to impede IRS collection efforts. After a three-day trial at which Bodley represented himself (he had fired both of the lawyers appointed to represent him after they refused to answer his 52-question "Voir Dire for Attorney"), a jury found him guilty of obstructing the IRS, 26 U.S.C. § 7212(a), creating phony money orders, 18 U.S.C. § 514(a)(2), submitting false tax forms to the IRS, *id.* § 1001(a), filing a

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

false tax return, 26 U.S.C. § 7206(1), and tax evasion, *id.* § 7201. The government had established that Bodley sent the IRS fake money orders totaling over $70 million, filed 58 fraudulent tax returns in a single year, falsely claimed on IRS forms that then-Treasury Secretary Henry Paulson was his fiduciary, submitted to the IRS $2.8 million in fake bonded promissory notes as "tax payments" for other delinquent taxpayers (whom he charged for his "services"), filed false IRS forms purporting to document $70 million in unreported income received by IRS employees, and sent threats to a federal judge, a federal prosecutor, and IRS employees. The district court sentenced Bodley to a total of 78 months' imprisonment—well below the guidelines range of 121 to 151 months, and ordered him to pay roughly $32,000 in restitution.

We initially appointed counsel to represent Bodley, but again he fired his attorney and insisted that we let him continue to represent himself. After filing numerous baseless motions, he tendered an appellate brief that is entirely frivolous. Bodley argues that his 26 convictions must be overturned due to the loss of "highly relevant material informational documentational evidence"—i.e., trial transcripts. But the record contains full transcripts of his trial, as Bodley must know, since the clerk of this court mailed him more than 1,000 pages of transcripts. Bodley also argues that he received ineffective assistance of *standby* counsel (the second attorney appointed by the district court to represent him), forcing him "to do battle alone and unarmed." This assertion is meritless because a defendant who exercises his Sixth Amendment right to represent himself does not have a right to standby counsel, let alone *effective* standby counsel. *See Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006).

Bodley's remaining assertions consist of shop-worn tax-protestor arguments that courts have consistently rejected for over a century. For example, Bodley argues that he is not a U.S. citizen, but a "direct individual beneficiary to the Constitutional Compact Trust," and therefore not subject to federal jurisdiction; that the entire federal criminal code is unconstitutional; that federal judges and prosecutors collude to obtain convictions in tax prosecutions for which, Bodley says, they receive a $40,000 bounty for each person convicted; and that the district court erred by refusing his request for personal financial records from each government employee involved in his prosecution in order to prove such collusion. We have rejected as "unbelievably frivolous" similar tax-protestor arguments countless times. *See United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007); *see also, e.g., United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999). And, were this a civil case, Bodley would face a presumptive $4000 sanction for filing this frivolous appeal. *See United States v. Patridge*, 507 F.3d 1092, 1096 (7th Cir. 2007); *Szopa v. United States*, 460 F.3d 884, 887 (7th Cir. 2006). The judgment of conviction is AFFIRMED.